# UNITED STATES DISTRICT COURT

Western District of Pennsylvania

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| JOHN LEONARD OLESKI | ) | Case Number: 1:16cr00008-001 |
| | ) | USM Number: 37864068 |
| | ) | David G. Ridge, Esquire |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   One

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC § 2252(a)(4)(B) and 2252(b)(2) | Possession of material depicting the sexual exploitation of a minor | 1/31/2015 | One |

    The defendant is sentenced as provided in pages 2 through ___9___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____   ☐ is   ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/22/2016
Date of Imposition of Judgment

*DS Cercone* (signature)
Signature of Judge

David Stewart Cercone, United States District Judge
Name and Title of Judge

8/30/16
Date

AO 245B (Rev. 10/15) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 9

DEFENDANT: JOHN LEONARD OLESKI
CASE NUMBER: 1:16cr00008-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

24 months at Count 1.

☑ The court makes the following recommendations to the Bureau of Prisons:

The court recommends that the defendant be designated to a Bureau of Prisons' facility in close proximity to Erie, Pennsylvania for family considerations.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m. ☐ p.m. on _____ .

　☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on _____ .

　☑ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 10/15) Judgment in a Criminal Case
Sheet 2A — Imprisonment

Judgment—Page 3 of 9

DEFENDANT: JOHN LEONARD OLESKI
CASE NUMBER: 1:16cr00008-001

## ADDITIONAL IMPRISONMENT TERMS

The defendant shall self-report for service of sentence on the date and time and at the institution designated by the Bureau of Prisons or, if defendant has not received instructions on where to report prior to November 4, 2016, then the defendant shall report on or before noon on that day to the United States Marshal Service in the United States Courthouse, Erie, PA.

AO 245B (Rev. 10/15) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __4__ of __9__

DEFENDANT: JOHN LEONARD OLESKI
CASE NUMBER: 1:16cr00008-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

five (5) years at Count 1.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑    The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 10/15) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 5 of 9

DEFENDANT:  JOHN LEONARD OLESKI
CASE NUMBER:  1:16cr00008-001

## ADDITIONAL SUPERVISED RELEASE TERMS

1. Defendant shall not use or possess controlled substances except as prescribed by a licensed medical practitioner for a legitimate medical purpose;

2. Defendant is prohibited from consuming alcohol;

3. Defendant shall participate in an alcohol aftercare treatment program approved by the probation officer, which may include urine testing, until defendant is released from the program by the court. Defendant shall contribute to the costs of services for any treatment program in an amount determined to be reasonable by the probation office. but not to exceed the actual cost of such treatment program;

4. Defendant shall participate in a mental health treatment program and/or a sex offender treatment program as approved and directed by his probation officer. Defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph testing to determine if he is in compliance with the conditions of release. The probation office is authorized to release the defendant's presentence report to the treatment provided if so requested;

5. With the exception of brief, unanticipated, and incidental contacts, defendant shall not associate with children under the age of 18 except for family members or children in the presence of an adult who has been approved by the probation officer;

6. Defendant shall not possess or access with the intent to view any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography as defined at Title 18, United States Code, Section 2256(8);

7. In accordance with Title 18, United States Code, Sections 3563(a)(8), 3583(d) and 4042(c)(4), and the Sex Offender Registration and Notification Act (SORNA) at Title 42, United States Code, Section 16901, defendant shall report the address at which he will reside and any subsequent change of address to the probation officer responsible for his supervision. Further, defendant shall register as a convicted sex offender in any state in which he resides, is employed, carries on a vocation, or is a student;

8. Defendant is permitted to possess and/or use a computer and is allowed access to the internet. However, defendant is not permitted to use a computer, or other electronic devices, including a cell phone, to access child pornography or to communicate with any individual or group for the purpose of promoting sexual relations with children. Defendant shall consent to the installation of any hardware/software to monitor any computer, or other electronic communication or data storage devices used by defendant to confirm defendant's compliance with this condition. Defendant shall consent to periodic inspection of any such installed hardware/software to insure it is functioning properly. Defendant shall pay the monitoring costs as directed by the probation/pretrial services officer. Furthermore, defendant shall consent to periodic unannounced examinations by the probation officer of any computers, cell phones, or other electronic communication or data storage devices to which defendant has access, to confirm defendant's compliance with this condition. Additionally, defendant shall consent to the seizure and removal of hardware and data storage media for further analysis by the probation officer, based upon reasonable suspicion of a violation of the conditions of supervision or unlawful conduct by defendant. Defendant's failure to submit to the monitoring and/or search of computers and other electronic communication or date storage devices used by defendant may be grounds for revocation;

9. Defendant shall provide the U.S. Probation Office with accurate information about his entire computer system, including all hardware and software, as well as all other electronic communication or data storage devises or media.   This shall include disclosure of all passwords used by defendant and the identity, passwords and any requested information about any internet service provider used by defendant. Defendant shall comply with all rules of the computer restriction and monitoring program;

AO 245B  (Rev. 10/15) Judgment in a Criminal Case
Sheet 3B — Supervised Release

Judgment—Page 6 of 9

DEFENDANT: JOHN LEONARD OLESKI
CASE NUMBER: 1:16cr00008-001

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

10. Defendant may use a computer in connection with any employment approved by the probation officer, provided defendant notifies the employer of the nature of his conviction. The probation officer shall confirm defendant's compliance with this notification requirement;

11. Defendant shall not photograph and/or videotape any children under the age of 18 without the written consent of their parent or legal guardian who at the time of consent must be aware of the nature of defendant's prior criminal history and convictions(s) and the approval of the probation officer;

12. Defendant shall not enter into a rental agreement and/or purchase computers, cell phones, or electronic communication or data storage devices without the consent of the probation officer. Defendant likewise shall not make excessive and/or unexplained purchases of items ordinarily related to children under the age of 18, without approval of the probation officer;

13. Defendant shall not frequent and/or loiter within 500 feet of places where children congregate on a regular basis, such as, but not limited to, primary schools; playgrounds; children's toy and/or clothing stores; video arcades; daycare centers; swimming pools; zoos; amusement parks, or other places primarily used or that can reasonably be expected to be used by children under the age of 18, without prior permission of the probation officer;

14. Defendant shall submit his person, residence, place of business, computer, other digital media, and/or vehicle, to a warrantless search conducted and controlled by the United States Probation Office, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises and computer may be subject to a search pursuant to this condition; and

15. Pursuant to 28 C.F.R. § 28.12, the DNA Fingerprint Act of 2005 and the Adam Walsh Child Protection and Safety Act of 2006, defendant shall cooperate in the collection of DNA as directed by the United States Probation Office.

DEFENDANT: JOHN LEONARD OLESKI
CASE NUMBER: 1:16cr00008-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 7,500.00 | $ 6,000.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| "Sarah" |  | $1,000.00 |  |
| "Vicky" |  | $1,000.00 |  |
| "Violet" |  | $1,000.00 |  |
| "Sierra" |  | $1,000.00 |  |
| "Jessica" |  | $1,000.00 |  |
| "Cindy" |  | $1,000.00 |  |
| **TOTALS** | $ 0.00 | $ 6,000.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☑ the interest requirement for the ☑ fine ☑ restitution is modified as follows:
Balance of fine and restitution not paid within 30 days of this judgment shall be subject to interest.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JOHN LEONARD OLESKI
CASE NUMBER: 1:16cr00008-001

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| "Sarah" | | $1,000.00 | |
| c/o Carol L. Hepburn, Esquire | | | |
| 200 First Avenue West, Suite 550 | | | |
| Seattle, WA 98119 | | | |
| "Vicky" | | $1,000.00 | |
| c/o Carol L. Hepburn, Esquire | | | |
| 200 First Avenue West, Suite 550 | | | |
| Seattle, WA 98119 | | | |
| "Violet" | | $1,000.00 | |
| c/o Carol L. Hepburn, Esquire | | | |
| 200 First Avenue West, Suite 550 | | | |
| Seattle, WA 98119 | | | |
| "Sierra" | | $1,000.00 | |
| c/o Carol L. Hepburn, Esquire | | | |
| 200 First Avenue West, Suite 550 | | | |
| Seattle, WA 98119 | | | |
| "Jessica" | | $1,000.00 | |
| c/o Katie M. Shipp, Esquire | | | |
| Marsh Law Firm | | | |
| PO Box 4668 #65135 | | | |
| New York, NY 10163-4668 | | | |
| "Cindy" | | $1,000.00 | |
| c/o Thomas Watson, Esquire | | | |
| 415 Hamilton Boulevard | | | |
| Peoria, IL 61602 | | | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JOHN LEONARD OLESKI
CASE NUMBER: 1:16cr00008-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ __13,600.00__ due within 30 days of the date of the judgment.

    ☐ not later than _____ , or
    ☑ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☑ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

    Balance of fine and restitution not paid after 30 days shall be subject to interest. Defendant shall make incremental payments toward any outstanding balance of the fine and restitution as a condition of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
    All property as identified in Preliminary Order of Criminal Forfeiture dated 5/10/16.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.